IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-40875-TLS |
| | ) | |
| AFY, INC., | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |
| SUMMIT FARMS, LLC, | ) | A11-04004-TLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:09CV328 |
| | ) | |
| AINSWORTH FEED YARDS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATION

On February 23, 2011, a status conference was held in this adversary proceeding. Brian C. Buescher appeared for Plaintiff, Summit Farms, LLC ("Summit Farms"), and Jerrold L. Strasheim appeared for Defendant, Ainsworth Feed Yards, LLC ("Ainsworth")

At the status conference, it was noted that the indebtedness that is the subject of this adversary proceeding is also the subject of a proof of claim that Summit Farms has filed in the underlying bankruptcy case of AFY, Inc. Summit Farms acknowledges that it is pursuing both AFY, Inc. and Ainsworth for the same indebtedness. Counsel for Summit Farms expressed a desire to consolidate the trial of this adversary proceeding with the trial of the bankruptcy trustee's objection to Summit Farms's proof of claim in order to avoid duplication of effort and the potential for inconsistent adjudications. However, before addressing such issues, this court must first consider whether it even has subject matter jurisdiction over this adversary proceeding.

Bankruptcy courts have non-exclusive jurisdiction over proceedings arising in or related to a case under title 11. *See* 28 U.S.C. § 157(b)(1) and § 1334(b). "Core proceedings" are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995). A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. *See* 28 U.S.C. § 157(c)(1). The test for whether a civil proceeding is related to a case under title 11 is whether the outcome of the proceeding could conceivably have any effect on the bankruptcy estate. *Dogpatch Prop., Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch, U.S.A., Inc.)*, 810 F.2d 782, 786 (8th Cir. 1987). In other words, if the outcome of the civil proceeding could alter the debtor's rights, liabilities, options, or freedom of action and in any way impacts upon the handling and administration of the bankruptcy estate, the action is related. *Id.*

This adversary proceeding involves two non-debtor parties. The indebtedness that is the subject of this adversary proceeding happens to be the same indebtedness that is the subject of the proof of claim filed by Summit Farms in the underlying bankruptcy case. However, an adjudication of liability (or non-liability) of Ainsworth in this adversary proceeding will not impact upon the handling and administration of this bankruptcy proceeding. Specifically, the liability or non-liability of Ainsworth does not alter or otherwise impact upon the question of whether Debtor, AFY, Inc., also has any liability to Summit Farms. In other words, as between Ainsworth and AFY, Inc., it is possible that one, both, or neither has liability to Summit Farms.

Because this adversary proceeding did not arise only in bankruptcy and does not involve a right created by federal bankruptcy law, it is not a core proceeding over which this court has jurisdiction. Furthermore, as indicated above, it is not related to a case under Title 11 since it involves two non-debtor parties and the outcome of the proceeding will not affect the bankruptcy estate.

Accordingly, I respectfully recommend that the United States District Court for the District of Nebraska withdraw the reference of this adversary proceeding.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED: March 25, 2011.

RESPECTFULLY SUBMITTED,

/s/ Thomas L. Saladino
Chief Bankruptcy Judge

Notice given by the Court to:
    Brian C. Buescher
    Jerrold L. Strasheim
    Rick D. Lange
    U.S. Trustee